## Everman's Appeal.    Logan's Estate.

1. More than five years after a decedent's death an administrator obtained an order for sale of real estate for the payment of debts; a creditor who had obtained a judgment after the death had no standing to appeal from the order.

2. If he were a creditor with an unexpired lien, the Orphans' Court sale would be a good one and he would be entitled to the proceeds if there were no other creditors.

3. The administrator was the proper person to make the sale under the 35th and 36th sections of Act of February 24th 1834.

4. The policy of the law is to bring decedent's estates into the Orphans' Court where creditors and heirs can have their own rights considered and assail others.

January 12th 1871.    Before THOMPSON, C. J., READ, AGNEW, and WILLIAMS, JJ., SHARSWOOD, J., at Nisi Prius.

Appeal from the Orphans' Court of *Philadelphia*: in the estate of John W. Logan, deceased, No. 341 to January Term 1870.

On the 20th of November 1869, Margaret S. Logan, administrator, &c., of the decedent, presented a petition, setting forth that he had died intestate in January 1863, leaving herself, his widow, and two children, and seised in fee of a house and lot in Ann Street, Philadelphia; that his personal estate, amounting to $2378.59, was insufficient to pay his debts, which by a statement annexed to the petition appeared to amount to $8456.53; amongst which was a judgment for $5381.95 recovered against the estate November 24th 1868, by John W. Everman.    The prayer of the petition was for an order of sale for the payment of the decedent's debts.

On the same day, Everman filed an affidavit, setting forth that he was a judgment creditor of the decedent for an amount above $5000, that there were no other debts of record against his estate; that all his debts had ceased to be liens on his real estate except the debt of the affiant, that the value of the real estate would not exceed $1500; that the personal estate was insufficient; that no notice of the application for an order of sale had been given to the affiant, and that he had perfected such proceedings in the District Court of Philadelphia, as would enable him to sell the real estate to advantage.

On this affidavit a rule was granted on the administrator to show cause why the order of sale should not be vacated.

On the 17th of January 1870, the administrator filed an affidavit in reply, that Everman's judgment was not recovered within five years after the decedent's death, suggesting that the unrecorded debts were not barred, that Everman had no preference and was not entitled to the whole fund in exclusion of the other creditors.

On the same day, Everman's rule was discharged.    He appealed

[Everman's Appeal.]

to the Supreme Court, assigning for error, the granting the order of sale and discharging his rule.

*G. Bull*, for appellant cited Act of March 29th 1832, sect. 31, Pamph. L. 198, Purdon 289, pl. 105; Himes *v.* Jacobs, 1 Penna. R. 152.

*E. C. Graeff*, for appellee, cited McCandless's Estate, 11 P. F. Smith 9; Pry's Appeal, 8 Watts 257; Kittera's Estate, 5 Harris 416; Act of February 24th 1834 sect. 35, Pamph. L. 79, Purd. 288, pl. 101.

The opinion of the court was delivered, February 9th 1871, by AGNEW, J.—This is an appeal by a creditor from a decree of the Orphans' Court ordering the sale of real estate for the payment of the debts of a decedent, and among them his own. It may be, that none of the debts are liens on the real estate of J. W. Logan, deceased, but the only parties interested in that question are not here contesting the order of sale. The heirs make no objection and the administratrix avers that there are debts having liens. A creditor, John W. Everman, supposing that he has a judgment which will estop the heirs from denying the lien of his debt, and therefore that he can make a sheriff's sale to pass the title, if he be permitted to proceed upon his judgment, asks the Orphans' Court to vacate its decree and appeals, because it would not. But it is evident, that, if he be a creditor with an unexpired lien, the Orphans' Court sale will be a good one and he will be entitled to the proceeds, if there be no other lien creditors. The administratrix is the proper person to make the sale, and special provision is made by the Act of 26th February 1834, §§ 35, 36, to restrain a creditor from proceeding to sell by execution, and to compel the administrator to proceed in the Orphans' Court. The policy of the law is to carry the settlement of the estates of decedents into that court, where the creditors as well as the heirs can come and contend for their rights, and if need be, assail the rights of others to recover, if their claims be unjust: Kittera's Estate, 5 Harris 416; Bull's Appeal, 12 Harris 286. It is evident, therefore, that as a lien creditor, John W. Everman is not injured by the order of the Orphans' Court and has no right to appeal from it; the order of sale being for his benefit, and an appropriate means of converting the real estate into money on payment of his debt. On the other hand, if not a lien creditor, he has no interest in the question and therefore cannot be permitted to interfere with the proceeding. In any view he is not entitled to appeal.

Appeal dismissed and proceedings ordered to be remitted to the Orphans' Court, to proceed therein as to justice and right shall appertain; and the costs ordered to be paid by the appellant.